UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| M.D.C. HOLDINGS, INC. and RICHMOND AMERICAN HOMES OF WEST VIRGINIA, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. |
| *Plaintiffs*, |  |  |
| v. |  |  |
| INTERSTATE FIRE & CASUALTY COMPANY; GERLING KONZERN ALLGEMEINE VERSICHERUNGS - AG; and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, |  | **COMPLAINT** |
| *Defendants*. |  |  |

Plaintiffs M.D.C. HOLDINGS, INC. and RICHMOND AMERICAN HOMES OF WEST VIRGINIA, INC. ("Plaintiffs"), by and through undersigned counsel, and for their Complaint against INTERSTATE FIRE & CASUALTY COMPANY, GERLING KONZERN ALLGEMEINE VERSICHERUNGS - AG and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY (the "Insurer Defendants"), state, allege, and aver as follows:

**INTRODUCTION**

1.   This is an insurance coverage dispute.  Plaintiff Richmond American Homes of West Virginia, Inc. is a homebuilder and, with its parent M.D.C. Holdings, Inc., they are the targets of lawsuits by homeowners alleging that homes Plaintiffs constructed did not contain

54000

adequate passive radon control systems (the "underlying lawsuits").  The Insurer Defendants each issued primary, excess or umbrella liability insurance policies that afford coverage to Plaintiffs against such losses (the "Policies").  Although Plaintiffs have provided timely notice of the underlying lawsuits and complied with all other applicable conditions precedent, if any, under the Policies, no Insurer Defendant has agreed to pay on behalf of or indemnify Plaintiffs for their losses arising from the underlying lawsuits.

2. Plaintiffs respectfully seek a declaratory judgment that the Insurer Defendants are jointly and severally liable to pay on behalf of or indemnify Plaintiffs for damages, loss, ultimate net loss and defense costs arising out of the underlying lawsuits.

### THE PARTIES

3. M.D.C. Holdings, Inc. ("MDC") is a corporation incorporated under Delaware law with its principal place of business in Denver, Colorado.

4. Richmond American Homes of West Virginia, Inc. ("RAH") is a subsidiary of M.D.C. and is a corporation incorporated under Colorado law with its principal place of business in Reston, Virginia.

5. Interstate Fire & Casualty Company ("Interstate") is an insurance company incorporated under Illinois law with its principal place of business in Chicago, Illinois.

6. Gerling Konzern Allgemeine Versicherungs- AG ("Gerling") is an insurance company incorporated under German law with its principal place of business in Cologne, Germany.  By the terms of the Policy it issued, Gerling has consented to jurisdiction in any judicial district in the United States.

7. American International Specialty Lines Insurance Company ("AISLIC") is an insurance company incorporated under Illinois law with its principal place of business in Chicago, Illinois, and executive offices in New York, New York.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and the Plaintiffs and Insurer Defendants are citizens of different states or of a foreign country.

9. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(a)(3) and 1391(c) because all of the parties are subject to personal jurisdiction in this district, through the location of their principal places of business, their transaction of other business or consent.

10. Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to seek a declaration of the Insurer Defendants' obligations under one or more contracts of insurance issued by the Insurer Defendants and affording coverage to Plaintiffs.

## FACTS

### *The Underlying Lawsuits*

11. Plaintiff RAH is a homebuilder which built homes in West Virginia. MDC has other homebuilding subsidiaries who build homes in other parts of the country. Like most homebuilders, qualified independent contractors and subcontractors typically handled the actual construction of homes for RAH.

12. The underlying lawsuits were brought by residents and former residents of homes in the Locust Hills subdivision, located in Jefferson County, West Virginia. The underlying lawsuits assert claims against Plaintiffs for bodily injury and property damage arising out of the alleged failure to install adequate "passive radon mitigation systems" in the claimants' homes. A "passive radon mitigation system" is a system of concrete, gravel and piping that is designed to reduce indoor levels of radon.

13. Three underlying lawsuits have been brought against Plaintiffs on behalf of 187 individual claimants. The first lawsuit to be filed, in May 2008, was *Joy, et al. v. Richmond American Homes of West Virginia*, Civil Action No. 08-C-204 (W. Va. Cir. Ct. Jefferson Cty.). A true and correct copy of the *Joy* complaint, without attachments, is attached hereto as Exhibit A. In October and November 2008, two other lawsuits making similar claims on behalf of additional claimants were also filed. *See Bauer, et al. v. v. Richmond American Homes of West Virginia, et al.,* Civil Action No. 08-C-431 (W. Va. Cir. Ct. Jefferson Cty.); *Saliba, et al. v. Richmond American Homes of West Virginia, et al.,* Civil Action No. 08-C-447 (W. Va. Cir. Ct. Jefferson Cty.). True and correct copies of the *Bauer* and *Saliba* complaints, without attachments, are attached hereto as Exhibits B & C.

14. All three underlying lawsuits have been consolidated for discovery in the Jefferson County Circuit Court before a single judge, the Honorable David H. Sanders. Following discovery, they are expected to proceed to trial separately, starting with the *Joy* action.

15. Because of the number of claims involved in the underlying lawsuits and their complexity, it has been necessary for Plaintiffs to retain both local defense counsel in Jefferson County and national coordinating defense counsel. To date, millions of dollars in defense costs

have been incurred by both local counsel and national coordinating counsel in the defense and investigation of the underlying lawsuits.

16. The lawsuits allege that the passive radon control systems, which were installed in the subject homes, were improperly installed by one or more independent contractors or subcontractors hired by RAH (together "the Subcontractors") and not by Plaintiffs themselves.

17. Each of the Subcontractors entered into a written Master Subcontractor Agreement ("MSA") with RAH obligating the Subcontractors to defend and indemnify Plaintiffs against claims arising out of work performed by the Subcontractors.

18. Plaintiffs have brought claims in Virginia for indemnification under the MSAs against the Subcontractors with respect to all three underlying lawsuits.

19. To date, none of the Subcontractors has agreed to indemnify Plaintiffs for their losses connected to any of the underlying lawsuits.

*Applicable Policies*

20. Each of the Policies affords coverage for the losses arising from the underlying lawsuits. Specifically:

21. Interstate issued Excess Liability Policy No. XSO 1014063, for the period July 1, 2000 to July 1, 2003 (the "Interstate Policy").

22. Gerling issued Excess/Umbrella Liability Insurance Policy No. 823/KE0001465, for the period July 1, 2000 to July 1, 2003 (the "Gerling Policy").

23. AISLIC issued Commercial General Liability Policy No. 933-27-13, for the period June 30, 2003 to June 30, 2004; Homebuilder's Commercial Umbrella Liability Insurance Policy No. BE 2860411 for the period June 30, 2003 to June 30, 2004; Homebuilder's

Commercial Umbrella Liability Insurance Policy No. 7410556 for the period June 30, 2004 to June 30, 2005; and Homebuilder's Commercial Umbrella Liability Insurance Policy No. 7412603 for the period June 30, 2005 to June 30, 2006 (the "AISLIC Policies").

24. Plaintiffs paid the full premium due on each of the Policies, and the Insurer Defendants have accepted and retained the benefits of those premium payments.

25. The applicable definitions of "bodily injury" are similar throughout the Policies. As in the 2004-2005 AISLIC Policy, "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death or mental anguish resulting from any of these at any time." *See*, *e.g.,* Exhibit D, attached hereto.

26. The applicable definitions of "property damage" are similar throughout the Policies. As in the 2004-2005 AISLIC Policy, "property damage" means "physical injury to tangible property, including all resulting loss of use of that property" and "loss of use of tangible property that is not physically injured." *See*, *e.g., id*.

27. The applicable definitions of "occurrence" are similar throughout the Policies. As in the 2004-2005 AISLIC Policy, "occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," that results in Bodily Injury or Property Damage. *See*, *e.g., id*.

28. All three of the underlying lawsuits allege "bodily injury" and "property damage" caused by an "occurrence."

<em>Notice and Failure to Provide Coverage</em>

29. Plaintiffs provided timely and proper notice under each of the Policies issued by the Insurer Defendants for each claim in the underlying lawsuits.

30. Plaintiffs have complied fully with all applicable conditions precedent, if any, under the Policies.

31. The Insurer Defendants all have refused to pay on behalf of or indemnify Plaintiffs in response to requests for indemnification of damages, loss, ultimate net loss and defense costs when asked to do so and have issued "reservation of rights" letters in which they have stated that they are investigating Plaintiffs' claims for insurance coverage.

32. The Insurer Defendants have the burden of proof on all coverage exclusions in the Policies.

33. The Insurer Defendants will not be able to meet their burden that any exclusion applies to limit or preclude Plaintiffs' demand for coverage of the underlying lawsuits.

## CLAIM FOR RELIEF

### DECLARATORY JUDGMENT
**Against All Insurer Defendants**

34. Plaintiffs incorporate by reference Paragraphs 1 through 33 of this Complaint, inclusive, as if fully set forth herein.

35. The Policies obligate the Insurer Defendants to pay on behalf of or indemnify Plaintiffs against damages, loss, ultimate net loss and defense costs arising from the underlying lawsuits.

36. An actual and justiciable controversy exists between Plaintiffs and the Insurer Defendants as to the Insurer Defendants' duty to pay on behalf of or indemnify Plaintiffs for damages, loss, ultimate net loss and defense costs arising from the underlying lawsuits.

37. Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that, pursuant to the terms of the Policies, the Insurer Defendants owe Plaintiffs a duty to pay or indemnify for damages, loss, ultimate net loss and defense costs arising from the underlying lawsuits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

On the Claim for Relief, Judgment in Plaintiffs' favor and against all of the Insurer Defendants declaring that the Insurer Defendants owe Plaintiffs a duty to pay or indemnify for damages, loss, ultimate net loss and defense costs arising from the underlying lawsuits, together with Attorney's fees, Costs, Pre and post-judgment interest and any and all such other, further and different relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues triable by jury.

                                                                    Respectfully submitted,

Date: March 24, 2010                    By:   /s/ David M. Greenwald
                                                               David M. Greenwald (6194036)

| | |
|---|---|
| Jerold Oshinsky* | David M. Greenwald (6194036) |
| JENNER & BLOCK LLP | JENNER & BLOCK LLP |
| 633 W. 5th Street, Suite 3500 | 353 North Clark Street |
| Los Angeles, CA 90071-2054 | Chicago, IL 60654-3456 |
| tel. (213) 239-5100 | tel. (312) 222-9350 |
| fax (213) 239-5199 | fax (312) 527-0484 |
| joshinsky@jenner.com | dgreenwald@jenner.com |
| | |
| | Matthew L. Jacobs* |
| | Daniel I. Weiner* |
| | JENNER & BLOCK LLP |
| | 1099 New York Avenue, NW |
| | Suite 900 |
| | Washington, DC 20001 |
| | tel. (202) 639-6000 |
| | fax (202) 639-6066 |
| | mjacobs@jenner.com |
| | dweiner@jenner.com |
| | |
| *Motions for admission *pro hac vice* to be filed | *Attorneys for Plaintiffs* |